Levi Davis, Plff. in Err., v. V. M. Thompson.

Trover does not lie for the recovery of a debt or for damages arising from breach of contract.

(Argued April 24, 1888. Decided May 14, 1888.)

January Term, 1887, No. 371, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Erie County to review a judgment in favor of defendant on a compulsory nonsuit in an action of trover and conversion, February term, 1883, No. 122. Affirmed.

The declaration averred that on November 26, 1882, at Erie, the plaintiff, Davis, was lawfully possessed as of his own property of the sum of $400 in current funds of the United States, and being so possessed thereof, he casually lost the said money out of his possession; and afterwards the same came to the possession of the defendant, Thompson, by finding, who converted the same to his own use, etc.

The defendant pleaded not guilty.

At the trial, before BROWN, J., and a jury, the plaintiff gave evidence tending to show that on November 17, 1882, the defendant, who was a broker and dealer in provisions and oil, proposed to buy for plaintiff 2,000 barrels of oil, and stated that he could furnish the certificate therefor; that the bulletin board in defendant's office then showed a quotation of $1.05 per barrel; that plaintiff then signed a check for $400 on his bank and handed to defendant; that the quotations were advancing and ran up to $1.14 or $1.16, whereupon plaintiff told defendant

he would not buy any oil, it was too fluctuating, and said he would destroy the check; that defendant said: "Let it stand, and when you wish to purchase you can have it—I will keep it in my safe," and stated that he would not use the check until plaintiff instructed him to; that on the 23d of the same month defendant met plaintiff and told him that it was a good time to buy, that oil was down to $1.05, and plaintiff told him to buy 2,000 barrels, on his stating that he could get the certificate therefor; that thereafter defendant reported that he had bought the oil at $1.04, but did not furnish the plaintiff with the certificate, and offered explanations for its nonarrival; that soon after defendant asked plaintiff for a check for an additional sum, saying that his margin was exhausted; that plaintiff stated that he had nothing to do with margins; that his intention and arrangement was to buy the oil outright and take the certificate therefor, on defendant's promise to furnish such certificate; that defendant had on the 17th of the month cashed plaintiff's check and used the money; that oil was quoted as falling, and plaintiff instructed defendant to sell out, and thereupon defendant rendered plaintiff a statement showing a purchase at $1.04 and a sale at 96½, with charges for commission, carrying, and telegraphing, and showing a balance of $225 due plaintiff.

This was supported by other evidence, and taken altogether the plaintiff claimed that the evidence showed that defendant made no effort whatever to do anything for plaintiff, but that he had received the plaintiff's money and used it for his own purposes.

At the close of plaintiff's evidence defendant's counsel moved for a compulsory nonsuit "on the ground that this action should have been assumpsit for money had and received, and that the plaintiff cannot recover in this action; that there is no evidence of a demand and a refusal on the part of the defendant to pay the money."

The Court granted the motion, in the following words:

"This occurs to us in this way: Forms of action in this state are still maintained, and it is necessary for a party making a claim to bring the form of action appropriate to that claim. It is not a question of whether or not the plaintiff ought to recover upon some or any allegation, but it is a question of whether or not he has got his right of action—conceding there be a right

of action—in the appropriate form. This sets forth, in the usual form of actions of trover, that the plaintiff was possessed of his own property, of certain goods and chattels, to wit, $400 in current funds of the United States, and being so possessed, etc., that defendant converted it to his own use. The allegation is the conversion of money. If, as appeared in this case, the claim was for the conversion of the check, and the evidence showed that it was left with the defendant to be used only upon orders of the plaintiff, or to be used upon certain conditions that had not been complied with, and the defendant used the check, he would be liable for the conversion of the check. If specific money of the plaintiff had been in the savings bank, left there for safe-keeping, and not a deposit, and through the agency of the check the defendant had gone to the bank and obtained that specific money, then the action of trover for the money could be maintained. Or, if the plaintiff had specific money amounting to $400 in the safe of Mr. Thompson, that he had appropriated to purposes other than those for which he held it, then the action of trover could be maintained. But, understanding as we do, that the action of trover is for the conversion of specific property owned by the plaintiff, we are unable to see, under the testimony of the plaintiff, how this action is to be maintained in its present form, and we feel compelled, without reference to the merits of the case, to say that the motion for a compulsory nonsuit must be granted. The nonsuit is granted."

Thereupon plaintiff moved to take off the nonsuit, which motion was refused, on judgment entered on the nonsuit; whereupon plaintiff took this writ, assigning as error: (1) The granting of the nonsuit, and (2) the refusal to take it off.

*John. C. Brady* and *S. M. Brainerd* for plaintiff in error.

*J. Ross Thompson* and *A. B. Richmond* for defendant in error.

PER CURIAM:
There is nothing at all in this case which requires consideration. That the action of trover does not lie for the recovery of

a debt, or for damages arising from the breach of a contract, is a proposition too plain for discussion.

The judgment is affirmed.