The Northern National Bank of Lancaster v. John L. Arnold, Appellant.

*Promissory notes—Contract—Wagering contract—Stock gambling.*

A bona fide indorsee and holder, for value, without notice and before maturity, of a promissory note given in a "stock gambling" transaction, may recover against the maker.

Argued May 18, 1898. Appeal, No. 109, Jan. T., 1898, by defendant, from judgment of C. P. Lancaster Co., March T., 1897, No. 26, on verdict for plaintiff. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a promissory note by indorsee against maker. Before LIVINGSTON, P. J.

At the trial there was evidence that the note in suit was given in a stock gambling transaction. It appeared that the plaintiff was a bona fide indorsee and holder for value, without notice, and before maturity.

Defendant's point and the answer thereto among others were as follows:

2. If the jury believe from the evidence that the note in suit was given for stock transactions between W. W. Groff and the defendant, and that none of said stocks were ever delivered by the said W. W. Groff to the said John L. Arnold, or paid for by him, they have a right to regard that as evidence that there was no intention by the parties to deliver or receive said stock, and if they so find, their verdict should be for the defendant. *Answer:* That would be true if Arnold had sued Groff, but it does not acquire the same result when in the hands of an innocent holder. The test of liability is not whether the note was taken under circumstances which would give rise to suspicion, but whether it was taken in good faith by the bank. That being admitted, we will have to refuse that point. [2]

The court gave binding instructions for the plaintiff. [6]

Verdict and judgment for plaintiff for $1,060.23. Defendant appealed.

*Errors assigned* among others were (2, 6) above instructions, quoting them.

*Eugene G. Smith,* for appellant.—A negotiable note given for a gambling consideration is void even in the hands of an innocent holder for value: Unger v. Boas, 13 Pa. 601; Fareira v. Gabell, 89 Pa. 89; Harper v. Young, 112 Pa. 419; Gaw v. Bennett, 153 Pa. 247; Cauler v. Hartley, 178 Pa. 23; Griffiths v. Sears, 112 Pa. 523.

*Owen P. Bricker* and *John E. Snyder,* for appellee, were not heard, but cited in their printed brief: McNaughton Co. v. Haldeman, 160 Pa. 144; Peters v. Grim, 149 Pa. 163; Smith v. Kammerer, 152 Pa. 98; Champlin v. Smith, 164 Pa. 481; Hopkins v. O'Kane, 169 Pa. 478; Lancaster County Nat. Bank v. Garber, 178 Pa. 91; Battles & Webster v. Laudenslager, 84 Pa. 446.

PER CURIAM, July 21, 1898:

This appeal presents the single question whether a bona fide indorsee and holder, for value, without notice and before maturity, of a promissory note given in a " stock gambling " transaction can recover against the maker. This is not the case of a note made void under the Act of April 22, 1794, P. L. 181, section 8. While the law of this state is exceptional in dealing with certain stock transactions known as " wagering contracts," none of our cases has gone the length that is here contended for by the defendant. Our decisions under the act of 1794, supra, are expressly grounded on the fact that the notes in question therein were declared void by the statute: Unger v. Boas, 13 Pa. 601; Harper v. Young, 112 Pa. 419. In the former case, Mr. Justice BURNSIDE said: " Lord MANSFIELD declared the law to be settled, ' that a holder coming fairly by the note or bill, has nothing to do with the transaction between the original parties, except perhaps in the single case (which he calls a hard one) of a note for money won at play.' " The exceptional case thus noted by Lord MANSFIELD, was so decided because the English statute made the note absolutely void. In the case at bar, no such statute exists; and, in the absence thereof, we are quite unwilling to burden commercial paper with any such impedimenta as that claimed by the defendant. The learned trial judge was clearly right in affirming plaintiff's points for charge and in refusing those of the defendant. Neither of the specifications of error is sustained.

Judgment affirmed.