Charles S. Hirst, Appellant, *v.* George W. Maag and Alexander Patterson, Individually and trading as Stock Exchange Commission Company.

*Statutes—Gambling act of 1794—Wagers on stock not recoverable.*

Dealing in stocks, even on a margin, is not gambling, and a plaintiff may not recover under the Act of April 22, 1794, 3 Sm. L. 177, for wagers or bets made with the defendant upon the future rise and fall of the market price of divers stocks usually dealt in upon the public stock exchange.

Argued Oct. 12, 1899. Appeal, No. 160, Oct. T., 1899, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1898, No. 439, refusing judgment for want of a sufficient affidavit of defense as to defendant Patterson, and sustaining demurrer of defendant Maag. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by ORLADY, J.

Demurrer to statement and rule for judgment for want of a sufficient affidavit of defense.

It appears from the record that plaintiff brought an action of assumpsit to recover $165 under the Act of April 22, 1794, said sum having been deposited with defendants to secure the payment of certain wagers or bets made by plaintiff with defendants. It was alleged in the statement that defendants kept a place for gambling known as a "bucket shop," where

plaintiff and defendants made wagers or bets on the rise and fall in the prices of stocks; that defendants, after receiving the money, closed the gambling place and retained the plaintiff's money without winning the wagers; that the action was brought within ten days. Defendant, Patterson, filed an affidavit of defense and the rule for judgment taken for want of a sufficient affidavit of defense was discharged; the defendant Maag filed a demurrer which was sustained, and judgment entered for defendant. Plaintiff appealed.

*Errors assigned* were (1) in sustaining demurrer of defendant. (2) In entering judgment for defendant.

*Charles L. Smyth,* for appellant.—This action lies under the 9th section of the Act of April 22, 1794, 3 Sm. L. 177; Com. v. Robbins, 26 Pa. 165; Waugh v. Beck, 114 Pa. 422.

In Grace v. McElory, 83 Mass. 563, the action was brought to recover money paid on a wager upon the result of a dog fight.

In Low v. Blanchard, 116 Mass. 72, the action was brought to recover money lost at gaming, against the keeper of the gambling house where the money was lost.

The narrow minded view held by the judge of the common pleas of Potter county in Merriam v. Stock Exchange Co., 1 Pa. C. C. R. 478, that the act was intended to apply only to cock fighting, card playing and other games of chance known in 1794, is too absurd to be seriously entertained.

*Samuel M. Hyneman,* for appellee.—The act of April 22, 1794, under which the appellant seeks to recover, is a quasi criminal act. It is practically an action for penalties, and must therefore be strictly construed.

The act provides for the recovery of money lost upon any game of address, or of hazard, or other play. Gambling in stock upon margin is certainly not a game of address or of hazard, nor is it any play. At the time of the passage of the act of April 22, 1794, gambling in stocks upon margin was unknown, and the exact point in the case has been ruled in Merriam v. Public Grain and Stock Exchange of New York, 1 Pa. C. C. R. 478.

OPINION BY ORLADY, J., February 16, 1900 :

The plaintiff's claim in this action is founded upon the Act of April 22, 1794, 3 Sm. L. 177, P. & L. Dig. 2204, under which he seeks to recover for certain wagers or bets he had made with the defendants upon the future rise and fall of the market price of divers stocks usually dealt in upon the public stock exchange.

The statement shows that the wagers or bets were never completed, and though the plaintiff paid to the defendants the sum of $165 in consideration of the wagers and for the better securing the payment thereof in the event of the same being lost by the plaintiff, they, the defendants, did not purchase or sell any stocks, or expend any part of the said money for the use or benefit of the plaintiff, and that neither party at any time intended to purchase, deliver, or sell any stocks or securities, and, further, that the defendants applied the said sum to their own use. The transaction, as it is set out in the plaintiff's statement, is not such a game of address, or hazard, or other play as is contemplated by the act of 1794. Betting upon the fluctuation of the market quotations of stock may be extremely hazardous ; but it has been held by the Supreme Court so often that it ought not to require reiteration, that dealing in stocks, even on margin, is not gambling : L. H. Taylor & Company's Estate, 192 Pa. 304.

The assignments of error are not sustained and the judgment is affirmed.