# Cherry, to Use of I. Cherkasky, Appellant, *v.* Paller.

*Principal and agent—Collections by agent—Action for.*

In an action of trespass to recover for the alleged conversion by the defendant of moneys received as the authorized agent, an affidavit of defense raising questions of law will be sustained, where the averments of the statements disclosed that the facts were only sufficient to support an action in assumpsit.

An action for trespass will not lie to recover rents of the principal collected by an agent, where there is nothing in the contract of agency requiring the payment of identical money, or any proof that the rents were unlawfully collected and misappropriated.

An agent who lawfully received money or checks and is under no obligation to do any particular thing with regard to such specific

property, could discharge himself from all liability by paying to the
principal a sum of money equal to the amounts collected.

The action of trover has not been used to recover on unadjusted
accounts nor on accounts stated, although, for many generations,
agents have often appropriated money received for the use of their
principals.

Argued October 21, 1926. Appeal No. 289, October
T., 1926, by plaintiff from judgment of C. P. No. 5,
Philadelphia County, September T., 1925, No. 10,712,
in the case of William Cherry, to use of I. Cherkasky
v. Eugene Paller. Before PORTER, P. J., HENDERSON,
TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Trespass for conversion of moneys collected by defendant. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior
Court.

The defendant filed an affidavit of defense, raising
questions of law, setting forth that the action in trespass was improper and that the plaintiff's remedy
was in assumpsit. The Court sustained the affidavit
of defense. Plaintiff appealed.

*Errors assigned* was the decree of the Court.

*Maxwell Letscoe,* and with him *Albert T. Hanby,* for
appellant.—The defendant's conduct amounted to embezzlement by agent and trespass was the proper action, Miller v. Smith, 1 Phila. 173; Ewing v. Musser,
42 Pa. Superior Ct. 177; Bunting v. Dessan, 9 Phila.
31; Barton v. Willey, 2 W. N. C. 157.

*Joseph M. Smith,* for appellee.

OPINION BY PORTER, P. J., March 3, 1927:

The plaintiff in this action of trespass seeks to recover for the alleged conversion by the defendant, of

moneys received by the latter, as the authorized agent for the collection of rentals of real estate owned by the plaintiff. The plaintiff filed a statement which, in substance, averred the following facts material to the consideration of the question here involved, viz: "The defendant was authorized by the plaintiff to collect rents from various properties in the City of Philadelphia, [here follows a description of the properties]. That on September 23, 1925, said defendant ...... had in his possession the sum of $405.12, being the proceeds of said rent collections which he refused to pay over to the plaintiff although the said amount was due and payable in full to the plaintiff." Then follows. averments that the defendant had told the plaintiff that he had used the money for his own needs, but declined to state when he would raise the money and pay it to the plaintiff, and that defendant had subsequently refused to pay over the money on demand. The defendant filed an affidavit of defense raising the question of law, that the averments of the statement failed to set forth a good cause of action in trespass; that the averments of the statement disclosed that the collection of the money by the defendant was lawful, and that the facts averred were only sufficient to support an action in assumpsit. The court below sustained the affidavit of defense, raising questions of law; and the plaintiff not having moved to amend, a judgment of non-suit was entered. The plaintiff appeals from that judgment.

If a mere servant, or clerk, in the course of his employment receives money for his master, the master has the right to the identical money which his servant receives from another, for the reason that the possession of the servant is the possession of the master. The money can be described and traced with sufficient certainty as the property of the owner, and when the servant converts it to his own use, or the use of another

than the master, trover will lie against the servant. That is not this case. The relation between these parties, averred in the statement, was that of principal and agent. There was an entire absence of any aver-ment of a contract, or circumstances, which imposed an obligation on the defendant to keep the coin, bank notes or checks received from the tenants who paid the rents separate from other funds and return the identical coins, bills or checks to the plaintiff. The averments of the statement, if true, establish that the money was lawfully received by this defendant. It is, therefore, clear that those decisions which hold that when one has come into the possession of property of another through force, fraud, other unlawful means, or mistake, and converts that property to his own use an action of trespass will lie, have here no application. This defendant having, as agent, lawfully received the coins, bills or checks, and being under no obligation to do any particular thing with regard to said specific property, might have discharged himself from all lia-bility, either in assumpsit or trespass, by paying over to his principal, the plaintiff, an equal sum in money. The facts averred by plaintiff were not sufficient to af-ford a foundation for an action of trover, or any other form of trespass. The action of trover has not been used to recover on unadjusted accounts, nor on ac-counts stated, although, for many generations, agents have often appropriated money received for the use of their principals: Life Association v. Catlin, 2 Walker 338; Davis v. Thompson, 10 Sadler 563; Sutterly v. Fleshman, 41 Pa. Superior Ct. 131. The assignment of error is overruled.

The judgment is affirmed.