## Pioneer Manufacturing Company, Inc., v. Bonnert, etc.

*Philip V. Mattes, Joseph E. Gallagher* and *Roger Mattes*, for plaintiff.

*Jerome E. Parker*, for defendant.

HOBAN, P. J., December 11, 1953.—Plaintiff sues defendant on a book account or, in the alternative, on

an account stated for "merchandise consisting principally of punch boards and sales boards sold and delivered to defendant by plaintiff and received, accepted and retained by defendant." The preliminary objection is based on the theory that the contract of sale is based upon the sale of punch boards and sales boards and it is, therefore, an illegal and unenforcible contract, as in violation of section 604 of the Penal Code of June 24, 1939, P. L. 872, 18 PS §4604.

Section 604 of The Penal Code, supra, reads as follows:

"Whoever makes, manufactures, or assembles any punch board, drawing card, slot machine, or any machine or device used or intended to be used for gambling is guilty of a misdemeanor."

While it may be, and undoubtedly is, a fact that so-called punch boards or sales boards when in the hands of the ultimate customer are devices used for gambling, nowhere in The Penal Code is there a specific prohibition against the sale of the devices themselves. Under the rule of strict construction, therefore, it is at least extremely dubious as to whether section 604 of The Penal Code makes the sale of punch boards or sales boards by a manufacturer thereof to a customer an illegal transaction.

In Commonwealth v. Handmore, 69 D. & C. 621, Judge Woodside, of Dauphin County, held that evidence that defendant therein collected a large number of punch boards in a storeroom and distributed them therefrom, was insufficient to justify a conviction under section 604 of The Penal Code. As Judge Woodside points out, the mere collection of complete punch boards in a warehouse or a sales room, even for the purpose of selling the same, is not "Making, manufacturing or assembling" of the punch board or the gambling device, nor is the mere sale of the punch board as such an indictable offense under section 612

of The Penal Code prohibiting the keeping or exhibition of any gaming device, or engaging in gambling for a livelihood, or aiding or assisting others to do so: Commonwealth v. Weiss, 142 Pa. Superior Ct. 524.

True, in Commonwealth v. Cohen, 169 Pa. Superior Ct. 84, the court sustained a charge against a salesman of punch boards as a violation of section 605 of The Penal Code, when the evidence showed that a salesman went to the ultimate consumer, gave him complete instructions as to how to operate the punch board as a gambling device, completed a transaction with the customer, including the delivery of prizes and arrangements for receipt of the proceeds from the use of the board at a time depending upon the sale of the chances thereon. In the same case, however, the court specifically sustained demurrers to the same evidence as indicating violations of section 606 of The Penal Code, prohibiting solicitation to gamble, and section 612 of the code prohibiting the keeping of a gaming device or engaging in gambling for a livelihood as a nuisance. In the absence of evidence, therefore, to show that something more was contemplated in the sales contract than the mere keeping or resale of these punch boards, we find no grounds for declaring that the transaction was illegal or prohibiting the enforcement of the contract as contrary to public policy of the Commonwealth of Pennsylvania.

Assuming, however, that Pennsylvania does regard the mere acquisition from a foreign source of these punch boards as an illegal transaction, thus tabbing them, so to speak, as contraband, plaintiff raises the point that the contract for the sale of these devices was both executed and performed in Illinois. Plaintiff further having given appropriate notice to defendant that it will ask the court to take judicial notice of the law of Illinois with reference to such contract, now asserts that the law of Illinois considers such contracts

as perfectly legal in that State. Hence, if the contract is legal in Illinois, there is no reason why it cannot be enforced in Pennsylvania. We think there can be no question that under the conditions as pleaded, the contract was executed in Illinois and likewise that under the law of sales the contract was to be performed in Illinois, to wit, by delivery of the orders to a common carrier for transportation to Pennsylvania. Unless, therefore, the fact that Illinois as the State of performance is challenged, which can only be done by an answer on the merits, there seems to be no reason why under the principles of comity the law of Illinois should not be recognized as governing the contract, thus permitting its enforcement in Pennsylvania as a contract legal at the place of making and performance.

The case of Sutterly v. Fleshman, 41 Pa. Superior Ct. 131, is no authority to the contrary. In that case Pennsylvania refused to allow a loser in a bucket shop operation to recover in the State of Pennsylvania, on the theory that to do so would be to allow enforcement of a gambling contract, even though New Jersey, the place where the contract was made, permitted a loser to sue the operator of a bucket shop to recover losses. New Jersey likewise considered the contract itself to be illegal as a gambling transaction. But, as we have pointed out above, we have no reason under our Penal Code to consider the mere possession, or even the sale of punch boards as such, as illegal or a criminal operation, and it is very doubtful whether the decision in Sutterly v. Fleshman, supra, would prevail today, in view of the provisions of section 606 of The Penal Code of 1939, permitting the victim of losses in a gambling house to recover his losses from any person who persuaded or prevailed on the victim to enter the gambling house and lose at play therein.

If the contract of sale or the performance thereof, the basis of this action, is to be challenged for illegal-

ity or unenforcibility because of public policy, we are of the opinion that such challenge will have to be raised only after evidence is produced which clearly demonstrates that the transactions involved were illegal under our Criminal Code. The preliminary objections, therefore, must be dismissed.

Now, December 11, 1953, the preliminary objections to the complaint in the above captioned case are overruled, defendant to answer over in 20 days.