### Cutuli v. Pennsylvania Reading Seashore Lines

*Martin Haller*, for plaintiffs.

*White & Williams*, for defendant.

*E. Dyson Herting*, for additional defendant.

BARBIERI, J., June 23, 1969.—This case is an action for personal injuries and property damage arising out of an accident occurring on February 8, 1968, at Warwick Road Crossing, Magnolia, New Jersey, between an automobile occupied by plaintiffs and a train operated by the original defendant. The original defendant joined Anthony Cutuli, driver of the automobile, as an additional defendant on the claims asserted by his wife and by his son. The case is before this court on the motion of Anthony Cutuli, as additional defendant, for judgment on the pleadings. The motion is based upon New Jersey law which prohibits the joinder of husbands and parents as additional defendants on the claims of their spouses and children for personal injuries.

All plaintiffs are residents of New Jersey. Defendant corporation is a New Jersey corporation, but with an office in Philadelphia, Pennsylvania.

Under Pennsylvania law, a husband may be joined as an additional defendant in a suit by his wife for personal injuries: Fisher v. Diehl, 156 Pa. Superior Ct. 476 (1945). The husband can be held liable for contribution, but cannot be solely liable to his wife: Daly v. Buterbaugh, 416 Pa. 523 (1964). The same is true in the case of the joinder of a parent as an additional defendant in a personal injury action brought by his minor child against a third party.

Since the accident occurred in New Jersey, and since all the parties are domiciled in that State, Anthony Cutuli contends that under the "most significant relationship" doctrine, as set forth in Griffith v. United Air Lines, Inc., 416 Pa. 1 (1964) the New Jersey rule should govern, and he should be let out. But defendant contends that where, as here, New Jersey domiciliaries bring suit in Pennsylvania for a New Jersey accident, they have invoked, and should be bound by, the laws which constitute the public policy of Pennsylvania.

While Pennsylvania courts sitting as the forum will not enforce the law of a foreign jurisdiction where that law is contrary to the public policy of Pennsylvania, see Sutterly v. Fleshman, 41 Pa. Superior Ct. 131 (1909); McSwain v. McSwain, 420 Pa. 86, 97, (1966), not every difference between the foreign rule and the rule of the forum necessarily justifies the conclusion that the foreign rule is contrary to the public policy of the forum. In each case, it is necessary to examine the reason for the difference. It is only if the difference is founded upon concepts which are relevant to the forum's public welfare or morality, that public policy will be involved.

The rationale for the Pennsylvania rule allowing joinder is clearly stated in the case of Fisher v. Diehl, supra at p. 484:

"Our various Married Women's Acts have protected wives in the possession and control of their separate property, and permit a wife to sue her husband to protect and recover her separate property (Act of March 27, 1913, P. L. 14). They do not go so far as to permit her to sue him for damages in tort for wrongful injury. But the aim to preserve domestic peace and felicity between husband and wife should not go so far as to require third persons to lose substantive rights given them by law with respect to actions for

wrongful injury, where they can be secured without a suit or action being brought by the wife against her husband, and her rights are not involved in, nor affected by, the action. To hold otherwise would permit a husband to profit by his own wrongful or negligent act at the sole expense of the third party."

It would appear from this statement by our Superior Court that the difference between the Pennsylvania and New Jersey doctrines is not based upon a distinction between their concepts of public welfare or morality, but principally upon a difference in their concern for the rights of a third party. Furthermore, it seems clear to this court that the allowance of joinder in Pennsylvania does not necessarily express a different public policy on the basic question of immunity from family suits, but rather represents merely an exception to the general policy against suits. It is the conclusion of this court that we may not apply a mere Pennsylvania exception to our basic rule and policy which is the same as that of the State with the "most significant relationship."

## ORDER

And now, June 23, 1969, the motion of additional defendant, Anthony Cutuli, for judgment on the pleadings is granted.