# Philadelphia v. Costello.

*Criminal law—Construction of penal statutes.*

In the construction of penal statutes where an act contains such an ambiguity as to leave a reasonable doubt of its meaning, it is the duty of the court not to inflict the penalty.

A proviso in a penal statute which is favorable to the defendant is to be liberally interpreted in his behalf.

*Municipalities—Casting circulars into vestibules—"Addressed envelopes."*

Where a city ordinance forbids the casting of paper, hand bills and circulars into the vestibules of dwellings, but excepts "newspapers and addressed envelopes," an envelope containing a circular, and addressed "To the Lady of the House," is within the exception, and a person casting such an envelope into a vestibule cannot be compelled to pay the penalty provided for the violation of the ordinance.

Argued Dec. 14, 1900. Appeal, No. 245, Oct. T., 1900, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1900, No. 20, on certiorari, in case of City of Philadelphia v. Thomas Costello. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Certiorari to justice of the peace.

The facts appear by the opinion of the Superior Court.

*Error assigned* was in affirming the judgment of the justice of the peace, against the defendant.

*J. H. Shoemaker,* for appellant.

*Howard A. Davis*, with him *Samuel Chew* and *John L. Kinsey*, for appellee.

OPINION BY RICE, P. J., July 25, 1901:

This was an action for the recovery of a penalty for a violation of the city ordinance construed in the preceding case of Philadelphia v. Brabender. The ordinance contains this proviso: "Provided, that nothing herein contained shall be held to apply to newspapers and addressed envelopes." The act of the defendant which was held to be a breach of the ordinance was, that he "placed under the front door and in the vestibule of dwelling No. 1815 South Sixteenth street, Philadelphia, an envelope containing a circular, advertising the wares of William Butler, a grocer, on which envelope were printed in the upper left hand corner the words 'From Wm. Butler,' and across the envelope were printed the words, 'To the Lady of the House.'"

The ordinance is to be given a reasonable construction, and it cannot for a moment be supposed, that, if the addressed envelope contains a circular, an advertisement or a handbill, it is not within the proviso. The question, therefore, is whether the envelope shoved under the door into the vestibule was an "addressed envelope." It is to be observed that this is a penal ordinance and is not to be extended by implication to cases not included within the clear and obvious import of its language. It has been held in the construction of penal statutes that where an act contains such an ambiguity as to leave a reasonable doubt of its meaning, it is the duty of the court not to inflict the penalty: Commonwealth v. Standard Oil Co., 101 Pa. 119, 150; also that a proviso in a penal statute, which is favorable to the defendant, is to be liberally interpreted in his behalf: Endlich on Interpretation of Statutes, sec. 332. We see no good reason for not applying these general principles in the construction of penal ordinances. Even if it be conceded, that, to bring the case within the proviso, the envelope must be addressed to some person, it does not necessarily follow that the person must be designated by his or her name. Giving to the language of the proviso a fair and reasonable interpretation, we are warranted in saying that if the address upon the envelope, taken in connection with the place where it is put, identifies the person for whom it is intended, it is sufficient. An envelope placed under

the front door of a dwelling addressed "To the Lady of the House" sufficiently identifies the person for whom it was intended, and unless something not expressed be introduced into the proviso by construction, this was not a breach of the ordinance. Not only does the language of the proviso permit this construction, but it is quite as probable that, it carries out the actual intent of the municipal legislature as that construction which would restrict the proviso to envelopes bearing the names of the persons for whom they are intended. If the councils had intended the proviso to have that restricted operation we may safely assume that they would have used language that would have left no room for doubt as to their meaning. The first and seventh assignments of error are sustained. The other assignments are overruled for the reasons given by the learned judge of the court below, and by us in the opinions filed in the case of Philadelphia v. Brabender.

The judgment is reversed and the proceedings of the magistrate are set aside.