## Commonwealth v. Seney

*M. W. Stephens*, acting district attorney, for Commonwealth.

*Patrick Sheridan*, for defendant.

SMITH, P. J., May 20, 1936. — The indictment in this case charges the defendant with driving and operating a motor vehicle on or about January 15, 1936, while his "License or operating privilege was suspended or revoked

contrary to The Vehicle Code of the Commonwealth of Pennsylvania, and the act of assembly thereof of the year 1929, P. L. 905, art. VI, sec. 620($h$), as amended and supplemented by act of assembly . . . of 1931, P. L. 751". The defendant entered a plea of nolle-contendere, following which the following facts were made to appear:

1. Immediately prior to January 7, 1935, the defendant was a duly licensed operator of a motor vehicle.

2. On January 4, 1935, the Bureau of Highway Patrol and Safety, Department of Revenue, furnished the defendant with "Official notification of withdrawal of operating privileges", stating:

"You are hereby officially notified that your privilege to operate Motor Vehicles in Pennsylvania has been withdrawn effective this date." The nature of withdrawal was stated as "Revocation 1-year Operators License Number 485612; Date January 7, 1935". This was the number of the defendant's license for the year 1934-1935.

3. With the said revocation in force and a new license not granted him, the defendant was operating a motor vehicle, as it appears, only eight days after the expiration of the one-year period of revocation, and was indicted as above.

### Discussion

Paragraph ($h$) of section 620 of The Vehicle Code of May 1, 1929, P. L. 905, 942, provides, as one violation of the act, that it shall be unlawful for any person "To operate any motor vehicle upon the highways of this Commonwealth, after operator's license . . . is suspended or revoked". The violation of this is designated a misdemeanor, punishable by "a fine of two hundred ($200) dollars . . . or . . . imprisonment for not more than three (3) years, or . . . both such fine and imprisonment."

Section 617 of the same act provides the procedure, after revocation of a license, to obtain another operator's license; this cannot be applied for or granted until "the expiration of one (1) year from the date of revocation".

It is noticeable that it is designated as a new operator's license, and not a renewal or reinstatement of the revoked license.

Section 613 of the same act provides that "All operator's licenses shall expire on the last day of February of each year, unless sooner revoked or suspended". It will, therefore, be noticed that the license immediately revoked was that of 1934-1935, expiring on the last day of February 1935. This action, by reason of the statutory revocation period of one year, would prohibit his obtaining any new license for 1935-1936.

The Act of June 22, 1931, P. L. 751, is an amendment to the Act of 1929 above recited, and, providing that its provisions shall "read as follows", changes the language of paragraph (h) of section 620 of the act by striking out the words "operator's license or learner's permit" and substituting the words "operating privilege". The operation of a motor vehicle after the suspension or revocation of this privilege is made a misdemeaner, subject to the same penalties as provided by the amended act. The one-year period of revocation is not changed by the amending act.

In view of the present contention, it is material to consider the requirement of section 601 of the Act of 1929, which provides:

"No person, except those expressly exempted under this act [and the defendant at bar is not one so exempt], shall operate any motor vehicle upon a highway in this Commonwealth, unless such person has been licensed as an operator or a learner . . . under the provisions of this act . . . Any person violating any of the provisions of this section, shall, upon summary conviction before a magistrate, be sentenced to pay a fine of ten ($10) dollars and costs of prosecution, and, in default of the payment thereof, shall undergo imprisonment for not more than five (5) days."

The learned attorney for the defendant argued that, because the operation of a motor vehicle with which he is

charged at bar was after the expiration of the one-year period of revocation of his operator's license and not within such period, he is not subject to indictment for a misdemeanor and its consequence of conviction under paragraph (*h*) of the Act of 1931, but that his offense is only cognizable by summary proceedings before a magistrate as provided by section 601 of the Act of 1929. The learned acting district attorney argued contra. Thus the question is squarely raised, and it is not easy of determination, with no judicial construction of the statutory provisions furnished us or discovered by us upon careful research, except the suggested application of the decision of Hassler, J., in Commonwealth v. Boyd, 38 Lanc. 79, which we will later comment upon.

There are some general principles of construction of penal statutes which will guide to the mile post of decision, as:

"Penal statutes must be construed strictly, and should not be extended beyond the evident intention of the legislature as expressed upon their face. We must have regard to whom and to what the Act is intended to refer, and to nothing else"; per Mr. Justice Gordon, in Bucher v. The Commonwealth, 103 Pa. 528, 534.

In Philadelphia v. Costello, 17 Pa. Superior Ct. 339, 340, citing Commonwealth v. Standard Oil Co., 101 Pa. 119, 150, it is stated that, where an act contains such an ambiguity as to leave a reasonable doubt as to its meaning, it is the duty of the court not to inflict the penalty. It is stated in Endlich on Interpretation of Statutes §332 that "a proviso in a penal statute, which is favorable to the defendant, is to be liberally interpreted in his behalf."

In Commonwealth v. Exler, 243 Pa. 155, 163, it is affirmed, as declared in Bishop's Criminal Law, sec. 278, that:

" 'The doctrine is that, when an offense is created by statute, and the same statute prescribes the penalty or the *mode of procedure* or anything else of the sort, only that which the statute provides can be followed' ". (Italics ours.)

We are of opinion that the statutory provisions, being penal, create two distinct offenses, to which separate and independent proceedings attach and penalties are imposed: First, by section 601 of the Act of 1929, in which the unlawful operation of a motor vehicle without a license must be construed to apply to the original license, inclusive of that referred to as a new license under the Act of 1931, which in a sense is also an original one; and second, the operation of a motor vehicle without which, after revocation for one year under section 620 of the Act of 1929, amended by the Act of 1931, is prohibited and penalized. The first is a misdemeanor; the latter is proceeded upon by summary proceedings before a magistrate.

The period of revocation and deprivation of the license of the defendant is the latter's penalty for having "operated a motor vehicle while under the influence of intoxicating liquor", as stated in the notice of revocation and admitted by him. The revocation sections no further apply, as he has in a sense served his sentence as effectually as by the expiration of a defined term of imprisonment under a sentence imposed, and the word "after" in paragraph (h) must be interpreted to mean, expressly, "after" the date of the revocation and, impliedly, during the following one-year period. It is not to be extended beyond its termination, and that had expired before the date of the unlawful driving charged in the present indictment. It is true the offense was in driving without a license, an offense which in our opinion could be proceeded against only by summary proceedings before a magistrate and not by indictment as for a misdemeanor in the quarter session, and, while the case of Commonwealth v. Boyd, 38 Lanc. 79, would appear to be contrary to our conclusion, we note no citation of judicial authority by the learned judge rendering the decision. There is also a very important difference of fact between the case before him and that at bar: There the operator's license being considered was said by him to have been suspended or revoked "without limitation as to time", and by reference to the sup-

porting sections of the Acts of 1919 and 1921. There appears no limited period of "revocation" prescribed, as in the Act of 1931 we are considering, but that appears to be left to the discretion of the revoking authorities after notice to the operator and hearing had. Thus it would appear that in the Lancaster County case the revocation of license there being considered was in force. We may, therefore, consider that decision inapplicable at bar without disputing the views and conclusions of the learned judge in that decision, upon the facts before him and the statutes then in force.

We are of the opinion that the present defendant is not indictable and liable in the court of quarter sessions for a misdemeanor and therefore find him not guilty, and he is discharged; and we direct that the costs of these proceedings be paid by the county.