Commonwealth *v.* Weiss, Appellant.

Argued September 30, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Charles G. Gartling,* with him *David N. Feldman,* for appellant.

*Raymond A. Speiser,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY BALDRIGE, J., November 22, 1940:

The indictment in this case sets forth that the appellant, who was in charge of a novelty store in Phila-

delphia did unlawfully "erect, set up, establish, maintain, keep up, and continue ...... a public and common nuisance, in that he ...... unlawfully did ...... keep and exhibit a gaming device and apparatus, to wit, a certain punch board to win or gain money or other property of value: contrary to the form of the Act of the General Assembly in such case made and provided, ......"

A trial was had before MILNER, J. without a jury, which resulted in a conviction and an imposition of a sentence from which the defendant appealed.

The Commonwealth's evidence shows that on February 29, 1940, defendant sold to a police detective, for the sum of $2.75, a punch board which contained the following notation on the back: "Take twelve hundred holes at five cents, $60; payouts average 58 per cent., $35.12; average profit $24.88." The Commonwealth contends this article was intended for use as a gambling device or apparatus.

It is clear from the evidence that the defendant simply displayed the punch board and others like it for sale and did not sell chances thereon or in any other manner employ them for gambling upon the premises.

Section 612 of the Penal Code of June 24, 1939, P. L. 872, 18 PS §4612, under which the indictment was drawn, provides in part as follows: "Whoever keeps or exhibits any gaming table, device or apparatus to win or gain money or other property of value, or engages in gambling for a livelihood, or aids or assists others to do so, or who sells tickets or policies in a lottery, is guilty of a nuisance."

It will be observed that this section of the statute does not expressly deal with the *sale* of gambling apparatus or devices. In order to sustain appellant's conviction it is necessary to construe the language of this section as though it read "keep or exhibit *for sale.*"

It may be that the legislature had in mind to make it an offense to *keep* or *exhibit* any gaming table, device or apparatus with the intent or for the purpose of operating it. This latter interpretation seems plausible when we consider that part of the section which expressly refers to one who "engages in gambling for a livelihood."

The appellee argues that unless section 612, supra, be interpreted to cover commercial sale of gambling devices it is redundant and unnecessary in view of the other sections of the statute. Section 603 deals with common gamblers; section 604 provides as an offense the *manufacture* of gambling devices; section 605 prohibits the establishing of gambling places; and section 606 forbids enticing persons to gamble through solicitation, invitation, or device. It will be observed that thus the legislature has expressly defined with clarity similar crimes.

The appellee's argument loses it persuasiveness when we keep in mind that section 612, supra, also prohibits engaging in gambling as a livelihood or aiding or assisting others to do so. That offense likewise, apparently comes within the above mentioned provisions of the statute.

Cases from other jurisdictions defining the words "keep or exhibit" as used in laws pertinent to gambling are of little value because dependent upon the exact wording of the particular statute. Section 612, supra, is apparently a re-enactment of section 73 of the Act of March 31, 1860, P. L. 382, as supplemented by the Act of April 2, 1870, P. L. 46, §1, 18 PS §1642. No cases have been cited, nor have we found any interpreting the 1870 amendment.

The act in question being a criminal and penal statute, must be strictly construed and cannot be enlarged in scope by the courts so as to extend to the prejudice of a defendant in cases not covered with reasonable certainty by the language used: *Commonwealth*

*v. Lanzetti et al.*, 97 Pa. Superior Ct. 126; *Commonwealth v. Baker*, 115 Pa. Superior Ct. 183, 186, 175 A. 438; *American Telephone & Telegraph Company's Appeal*, 126 Pa. Superior Ct. 533, 535, 191 A. 210; *United States v. Resnick et al.*, 299 U. S. 207, 57 S. Ct. 126, 81 L. Ed. 127; Section 58 of our Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §558.

It is quite apparent that the section before us is ambiguous creating a reasonable doubt as to its meaning. This doubt must be resolved in favor of the defendant as a penalty in such circumstances may not be inflicted: *Philadelphia v. Costello*, 17 Pa. Superior Ct. 339; *Commonwealth v. Exler*, 243 Pa. 155, 89 A. 968; *Commonwealth v. W. Phila. Fid. Mannerchor*, 115 Pa. Superior Ct. 241, 244, 175 A. 434.

In *American Telephone & Telegraph Company's Appeal*, supra, we held that a teletype machine was not a gambling device or apparatus subject to forfeiture under sections 59 and 60 of the Act of March 31, 1860, P. L. 382, 18 PS §§1444, 1445, because it was not a machine actually used or employed to gamble with or upon. President Judge KELLER there said, p. 539: "However desirable it may be to stamp out the gambling evil—and we are in full accord with the purpose— we cannot extend the provisions of the Criminal Code respecting it beyond their plain and clearly intended meaning." That statement is equally applicable here, where the proceeding is against the individual rather than one for the forfeiture of property.

The judgment is reversed and appellant discharged.

KELLER, P. J. and RHODES, J. dissent.