Commonwealth *v.* Waters, Appellant.

Argued March 10, 1942.

Before Keller, P. J., Baldrige, Stadtfeld, Rhodes, Hirt and Kenworthey, JJ.

*Robert D. Baskervill,* with him *Harold K. Wood,* for appellant.

*Thomas C. Gawthrop,* District Attorney, for appellee.

Opinion by Kenworthey, J., April 15, 1942:

Appellant was convicted of involuntary manslaughter committed while operating an automobile. He assigns as error: (1) the court's refusal to sustain his demurrer to the evidence; (2) the refusal of the court to point out to the jury alleged inconsistencies in the Commonwealth's evidence; (3) the refusal of the court "to instruct the jury as to the use of the daylight photographs, the accident having occurred at 11:30 P.M.;" (4) that the photographs were permitted to go out with the jury; and (5) the court's refusal of the motion for new trial.

For the purpose of deciding upon a demurrer facts which the evidence tends to prove and inferences reasonably deducible therefrom are admitted. *Com. v. Shiroff,* 131 Pa. Superior Ct. 565, 200 A. 204; *Com. v. Heller,* 147 Pa. Superior Ct. 68, 83, 24 A. (2d) 460. The fatal collision occurred on West Chester Pike, an eighteen-feet wide concrete highway leading from Philadelphia to West Chester, about eleven-fifteen P.M., July 6, 1941. It had been raining and the road was wet.

Appellant was operating his car westward from Sixty-ninth Street, Philadelphia, toward West Chester. He collided head on with an eastbound car operated by Thomas Pancoe, in which deceased was a passenger. The collision occurred at a point at or near the crest of a grade where the road curved to appellant's right. It was conceded that at the time of collision, both cars were on the south, or appellant's left, side of the road. The Commonwealth relied principally upon two eye-witnesses, a man and wife. They testified they were proceeding westbound in the north or westbound lane of traffic, in a car driven by the husband, approximately forty miles an hour, when two cars, following each other and going fifty miles an hour or more, overtook and passed them. Apparently the first of these cars was a station wagon; the second was appellant's. After passing the car of the witnesses, the station wagon turned back to its right, or the north lane of the road, but appellant continued in the south lane and was about to overtake the station wagon, when the collision occurred. According to appellant's testimony, immediately prior to the collision he was following the station wagon in the north lane at a moderate rate of speed when it, suddenly and without warning, either stopped or almost stopped, and in order to avoid running into its rear, he pulled to his left and into the path of the eastbound car operated by Pancoe. He didn't see Pancoe's car or its headlights prior to the collision, from which he urged an inference that its lights were not lit. Throughout the trial, he challenged the credibility of the Commonwealth's witnesses and argued that, because of their admission that the visibility was limited to a hundred and fifty feet, mathematical calculations based upon their statements of the speed of the various vehicles demonstrated that it was physically impossible for them to have actually seen the collision. But this court and the Supreme Court have frequently said that such mathematical calculations,

when based upon estimates of the speed and position of moving objects, are not incontrovertible physical facts. *Hostetler v. Kniseley,* 322 Pa. 248, 250, 185 A. 300; *Adams v. Amour & Co.,* 142 Pa. Superior Ct. 280, 16 A. (2d) 142. In our opinion, the testimony of these witnesses was clearly for the jury, and if believed, furnished ample evidence to support the conviction. If the accident happened as described by them, appellant was guilty of violating the Motor Vehicle Code in failing to keep to the right side of a two lane highway [1] and in passing another car while on the crest of a grade without having a clear view of five hundred feet along the highway.[2] See *Com. v. Gill,* 120 Pa. Superior Ct. 22, 35, 182 A. 103; *Com. v. Williams,* 133 Pa. Superior Ct. 104, 1 A. (2d) 812. The demurrer to the Commonwealth's evidence was properly overruled.

The court was not bound to point out alleged inconsistencies in the Commonwealth's evidence or to solemnly say to them what they couldn't help knowing, viz., that the photographs of the scene of the accident which were used in evidence were taken in the daytime. As long as the trial judge leaves to the jury the final questions of fact, "It is enough if he gives to the jury a general review of the evidence on the one side and on the other ......" *Com. v. House,* 36 Pa. Superior Ct. 363, 369. In commenting on the failure of the trial court to discuss defendant's alibi, Judge HENDERSON, in *Com. v. Doe,* 79 Pa. Superior Ct. 162, 170, said: "It was the subject of course to which the attention of the jury was directly drawn in the arguments of the counsel, and we think nothing of disadvantage resulted to the defendant from the omission of the court to restate that evidence."

The photographs were admitted without objection and whether or not they were to be permitted to go out

---

[1] Act of June 9, 1939, P. L. 315, Sec. 1, 75 PS 521.

[2] Act of June 27, 1939, P. L. 1135, Sec. 24(a), (b), 75 PS 543(a), (b).

with the jury was a matter within the sound discretion of the trial court, of which we find no abuse. *Chitwood v. Philadelphia & Reading Ry.*, 266 Pa. 435, 109 A. 645; *Com. v. DePalma*, 268 Pa. 25, 32, 110 A. 756.

The additional reasons assigned as a basis for the motion for new trial—that the verdict was against the evidence, the weight of the evidence and the law—are, in our opinion, without merit for reasons which sufficiently appear from what we have already said.

The assignments of error are overruled. The judgment is affirmed and it is ordered that the appellant James Waters appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with his sentence or any part of it that had not been performed at the time the appeal was made a supersedeas.