## Commonwealth v. McCardell

*Damian J. McLaughlin*, for Commonwealth.

*J. S. Jiuliante*, for defendant.

EVANS, J., October 23, 1944.—Defendant stands indicted for making, manufacturing, and assembling gambling devices, and, pursuant to the Act of June 11, 1935, P. L. 319, with the consent of his attorney, the

district attorney and the judge, has waived trial by jury.

Section 604 of the Penal Code of June 24, 1939, P. L. 872, provides:

"Whoever makes, manufactures, or assembles any punch board, drawing card, slot machine, or any machine or device used or intended to be used for gambling, is guilty of a misdemeanor, . . ."

The officers called at the home of defendant and found therein several slot machines and a workbench upon which there were old parts of dismantled machines. A signed confession was taken wherein defendant admitted having the machines in his possession for the purpose of making repairs thereon. This admission was also made during the trial of the case. Defendant has moved for his discharge, and our decision depends upon an interpretation of the above-recited act of assembly.

It is not contended that defendant makes or manufactures the machines, but the Commonwealth contends that the word "assembles" is broad enough to include within its intended meaning "repairs" and that the act of repairing necessarily requires the assembling of a machine, at least in part, after the repairs are made.

It is true that the policy of this State is against gambling in all its forms, and the above-recited act of assembly was intended to prevent the creation of any device intended to be used for gambling purposes. However, where any section of a criminal statute is ambiguous, creating a reasonable doubt as to its meaning, this doubt must be resolved in favor of the defendant: Commonwealth v. Weiss, 142 Pa. Superior Ct. 524; Commonwealth v. Exler, 243 Pa. 155. Webster defines the word "repair" as meaning to renew, revive, or rebuild after decay, injury or partial destruction. Webster also defines "assemble" as "to collect and put together the parts . . ." and the word "assembly" as

"a collection of parts so assembled as to form a complete machine, structure, or unit of a machine, . . ." In 4 Words and Phrases 401, the word "assemble" is stated to mean, when applied to a machine, "to collect or gather together the parts and place them in their proper relation to each other to constitute the machine".

We must conclude that to assemble a machine is possible without the necessity of making any repairs thereto; also that a machine, under some circumstances, may be repaired without the necessity to assemble it. A criminal statute must be strictly construed, and to hold that the word "assemble" includes the word "repair" simply because, in some cases of repair, to subsequently reassemble may be necessary is, in our opinion, assuming legislative intention which does not clearly appear.

And now, to wit, October 23, 1944, defendant is found not guilty. The costs shall be paid by the County of Erie.