Argued November 15, 1949.
John Cancillieri, the appellant, was convicted of having in his possession gambling devices with the intent or for the purpose of operating them as such. He admittedly had in his possession 170 slot machines, stored in a barn on a farm property — title to which was in his wife's name — in Indiana Township, Allegheny County.
Appellant lives at 1411 Fulton Street, Pittsburgh. He defended on the ground that when "they gave us orders to take them out of circulation, we took them out." He said he was at the time employed as a repairman by the Coin Machine Distributing Company, owner of the machines, and that the company, rather than destroy the machines which admittedly were gambling devices per se, gave them to him. He further testified that although the machines would sell at retail for about $275 each, giving them a total retail value of approximately $46,750, he had been dismantling them and using certain of the parts for lawful purposes, such as Christmas tree platforms and small portable liquor bars made out of the cabinets.
The jury found, under proper instructions from GRAFF, P. J., specially presiding, that appellant did not intend to dismantle the slot machines but that he was retaining possession of them with the intent of again using them or having someone else use them as gambling devices, the sole purpose for which they were designed, manufactured, and placed in "circulation."
He was charged with and convicted of violating § 603 of the Act of June 24, 1939, P. L. 872, 18 Pa.C.S.A. § 4603. The *Page 3 
section provides in part that: "Whoever maintains any gambling device or apparatus, to win or gain money or other property of value, or aids, assists or permits others to do the same, . . . is a common gambler, and guilty of a misdemeanor, . . ."
Appellant contends that this case is ruled squarely byCommonwealth v. Weiss, 142 Pa. Super. 524, 16 A.2d 435. In that case the defendant was charged with and convicted, in a trial without a jury, of violating § 612 of the Act of 1939, 18 Pa.C.S.A. § 4612. He sold to a police detective, for the sum of $2.75, a punch board. This Court held, pages 526, 527 (KELLER, P.J., and RHODES, J., now P.J., dissenting) that: ". . . The Commonwealth contends this article was intended for use as a gambling device or apparatus.
"It is clear from the evidence that the defendant simply displayed the punch board and others like it for sale and did not sell chances thereon or in any other manner employ them for gambling upon the premises.
"Section 612 . . . under which the indictment was drawn, provides in part as follows: `Whoever keeps or exhibits any gaming table, device or apparatus to win or gain money or other property of value, or engages in gambling for a livelihood, or aids or assists others to do so, or who sells tickets or policies in a lottery, is guilty of nuisance.'
"It will be observed that this section of the statute does not expressly deal with the sale of gambling apparatus or devices. In order to sustain appellant's conviction it is necessary to construe the language of this section as though it read `keep or exhibit for sale.' It may be that the legislature had in mind to make it an offense to keep or exhibit any gaming table, device or apparatus with the intent or for the purpose of operating it. This latter interpretation seems plausible when we consider that part of the section which expressly *Page 4 
refers to one who `engages in gambling for a livelihood'."
Regardless of what the Legislature had in mind by the enactment of § 612, which is "apparently a re-enactment of section 73 of the Act of March 31, 1860, P. L. 382, as supplemented by the Act of April 2, 1870, P. L. 46, § 1, 18 Pa.C.S.A. § 1642 " (Commonwealth v. Weiss, supra), other than to declare such devices public or common nuisances, it is clear that the Legislature had in mind in enacting § 603 — which is primarily concerned with the suppression of gambling — to make it an offense to maintain a gambling device with the intent or for the purpose of operating it as such. A comparison of § 603 with § 605, which makes it an offense to set up or establish any game or gambling device, clearly reveals the legislative intent to make the maintenance of gambling devices an offense separate and apart from the offense of setting up and establishing such gambling devices.
There are no Pennsylvania appellate court decisions directly in point. There are several lower court decisions, one of the first being a very well considered opinion by Judge ELDER W. MARSHALL in Commonwealth v. Jeffries, 76 P. L. J. 507. In that case the defendant was found guilty on a count of the indictment charging him with having violated a portion of § 56 of the Act of March 31, 1860, P. L. 397. Section 603 of the Penal Code of 1939, with which we are dealing, is substantially a re-enactment of § 56 of the Criminal Code of 1860. There, as here, a number of slot machines suitable for no purpose except gambling had been found in the possession of the defendant. The court held, pages 508, 509: "Where the articles or devices are capable of being put to purposes other than gaming, possession alone is not an offense. But where, as in this case, the article is one which can be used for no purpose other than gaming, (as, for example, a faro table, a roulette *Page 5 
wheel, or a slot machine) keeping or possessing it will and should be within the inhibition of the statute. Persons are not accustomed to possess such articles without an intention either to use them, or, in the language of the Act, to `aid, assist or permit others to do the same.' Since the policy of our law is fixed against gaming, it is quite proper that in furtherance of that policy it should be made unlawful to possess articles which cannot be used except to violate the statutes against gaming." See, also, Commonwealth v. Aversano, 67 Pa. D. C. 371.
In American Law Reports, Annotated, 162 A.L.R. 1191, it is stated that: "III. . . . The decisions are not in accord as to whether keeping or possessing a gambling device is an offense in itself, not requiring a showing that the device was used for gambling or kept for gambling purposes. . . .
"In the majority of the cases in which the question has arisen, it has been held that the keeping or possession of a gambling device constituted an offense under the applicable statute, even though it was not shown that such device was used for gambling or kept for gambling purposes."
We conclude that it was the purpose of the Legislature in enacting § 603 to make it an offense to maintain slot machines or similar gambling devices with the intent to use them for gambling purposes, regardless of whether the person in whose possession they should be found had "set up or established" them as gambling devices.
The judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part of it that had not been performed at the time the appeal was made a supersedeas. *Page 6