THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO CRUZ PABÓN, Defendant and Appellant.

No. 15885.  Argued March 1, 1955.—Decided March 16, 1955.

*F. Pérez Rejis* for appellant. *José Trías Monge, Attorney General, and Ramón Olivo Nieves, Special Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Pedro Cruz Pabón was convicted by a jury of the crime of robbery and he now appeals from the judgment sentencing him to from three to six years' imprisonment in the penitentiary at hard labor. In his brief, he assigns the following two errors:

"First error: The judge of the lower court erred in giving the instructions to the gentlemen of the jury.

"Second error: The jury erred in weighing the evidence."

The errors committed by the judge in giving his instructions to the jury consisted, in appellant's opinion, in that (1) the judge made an incorrect summary of the testimony of the aggrieved party, Mateo Alvarez Luciano, (2) the judge did not make a detailed analysis of the testimony of Francisco Flores, witness for the prosecution, (3) the judge failed to instruct the jury properly on the defense of alibi.

The judge made a summary of the testimony of each witness. Referring to that of Mateo Alvarez Luciano, the aggrieved party, the judge stated that the latter had testified:

"That as he walked along the road he reached a small bend and that he noticed that *the defendant was hiding* near a water outlet close to the bend and then defendant came out and asked the aggrieved party for a cigarette; that when the witness was about to give it to him, the defendant hit him five or six times with a stone he carried in his hand." (Italics ours.) From the transcript of the evidence it appears that this witness stated that "when he reached a small bend which was close to a water outlet, he (referring to the defendant) asked him for a cigarette and when he was about to give it to him, the defendant hit him with a stone." In these statements the witness did not expressly say that the defendant was hiding. However, there is evidence in the record to the effect that the aggrieved party had stated prior to the trial that the *defendant was hiding*. The policeman, José E. Pérez, called as witness for the defense, stated on direct examination that Mateo Alvarez, the aggrieved party, arrived at the Police headquarters of Villalba "covered with blood, with his head wounded and then I sent him to the hospital and he testified there that Pedro Cruz Pabón was the one who hit him . . ." Upon being asked by the defense if he had added something else, he answered: "That while he was on his way home from the store of Francisco Flores, he said *that Pedro Cruz Pabón was hiding in the road*, that he had come out and asked him for a cigarette and immediately thereafter had hit him on the head with a stone and had stolen fifteen dollars from his left pocket." On the other hand, the defendant pleaded the defense of alibi. The defendant denied having been at the place of the occurrence as well as any participation therein. He maintained before the jury that on the day of the occurrence he did not see Mateo Alvarez, the aggrieved party. Had his theory been trustworthy, the verdict would have been one of acquittal, notwithstanding the aggrieved party's statement as to whether or not defendant was hiding on a curve of the road. Contrariwise, discarding the theory of the defense, the fact of whether or not defendant

was hidden in the curve is rather irrelevant. The fact, as confirmed by the verdict of conviction, is that the defendant was in a curve along the road and there he battered the aggrieved party and robbed him of fifteen dollars. Therefore, in the absence of a showing that the error of the judge, in putting into the mouth of the aggrieved party a statement which he had made prior to but not during the trial, prejudiced defendant's rights, we shall not set aside the verdict rendered.

The appellant alleges that "in his instructions to the jurors and in connection with the testimony of witness Francisco Flores, the judge was rather vague in his analysis of said testimony, inasmuch as he kept silent on the very important fact of said testimony that the defendant-appellant, Pedro Cruz Pabón, was not at the place of the occurrence either before Mateo Alvarez Luciano reached that place, or while he was there, or at any other time during the hours of that day."

It is fitting to state that although the defense took an exception to the summary of the evidence and the analysis made by the judge and specifically to the analysis he made of the testimony of witnesses Francisco Flores and Mateo Alvarez, the exception was of a general nature without referring specifically to the omission of which he now complains. See *State* v. *Sutton*, 34 S. E. 2d 195; *People* v. *Cartagena*, 54 P.R.R. 827.

The law provides that the judge shall sum up the case to the jury, omitting all superfluous circumstances, pointing out wherein the main question and principal issues lie, stating what evidence has been given to support them, with such remarks as he thinks necessary for their direction, and giving them his opinion solely in matters of law arising upon that evidence. Section 233 of the Code of Criminal Procedure; *People* v. *Bartolomei*, 70 P.R.R. 664; *People* v. *Rodríguez*, 69 P.R.R. 913; *People* v. *Valentín*, 63 P.R.R. 756; *People* v. *Lebrón*, 61 P.R.R. 634; *People* v. *Cartagena, supra; People*

v. *Fernández*, 14 P.R.R. 611. A reasonably complete summary of the evidence in the court's instructions is enough, *People* v. *Urbina*, 50 P.R.R. 843, it being sufficient that the judge recite what has been substantially stated—*State* v. *Catelli*, 101 Atl. 476 and *Commonwealth* v. *Schurtz*, 10 A. 2d 378. As long as the trial judge leaves to the jury the final questions of fact, as he did in this case, it is enough if he gives to the jury a general review of the evidence on both sides. *Commonwealth* v. *Waters*, 25 A. 2d 756.

The parties in the case at bar had few witnesses and their testimony was brief, simple and clear. It does not appear from the record that the jury could not remember them as well as the judge could. We fail to see how the omission pointed out by appellant can be sufficient ground for reversal of the judgment, when from all the instructions taken jointly it appears that the judge properly pointed out to the jury the main question for determination and the principal issues, briefly reviewing the evidence introduced in support of those issues.

Appellant's contention with respect to the instruction on the defense of alibi [1] is frivolous. The instruction was not specifically objected to by the defendant in the trial court, but irrespective of this, we agree with the *Fiscal* of this Court in that the jury being the one called upon to determine whether the defendant committed the offense, or whether he did not commit it because he was not present at the place of the crime, no error prejudicial to the defendant was commit-

---

[1] Said instruction reads:

"Gentlemen of the jury, if as a result of the evidence introduced you reach the conclusion that the defendant, Pedro Cruz Pabón, at the date and place referred to in the information, was at some other place and therefore could not commit this crime on the person of Mateo Alvarez Luciano because he was somewhere else, then, in this event, you must give the defendant the benefit of the doubt and acquit him, or if because of the evidence introduced, the Gentlemen of the Jury believe that the People has not established its case properly or that it is the case of a persecution by policeman José E. Pérez against this defendant or you have a reasonable and well-grounded doubt as to the guilt of the defendant in the case at bar, you must give the defendant the benefit of the doubt and acquit him."

ted in telling the jury that the defendant should be acquitted if they had reasonable doubts on that point.

■■ The second error assigned is also frivolous.

The evidence was conflicting, and the jury, on whom it was incumbent to settle the conflict, resolved it against defendant-appellant, returning a verdict of guilty. *People* v. *Cabrera*, 59 P.R.R. 133; *People* v. *Betancourt*, 66 P.R.R. 127; *People* v. *Rodríguez*, 70 P.R.R. 21. Therefore, we shall not disturb it on appeal. *People* v. *Macaya*, 43 P.R.R. 595; *People* v. *Rosa*, 51 P.R.R. 616.

The judgment appealed from will be affirmed.