Opinion by
 

 Woodside, J.,
 

 This is an appeal from judgments entered in trespass actions against the Pittsburgh Railways Company after the denial of a motion for a new trial by
 
 *550
 
 the lower court. The judgments were entered on jury verdicts for the plaintiffs in two suits, joined for trial, which arose out of an intersection collision between an automobile and a streetcar.
 

 The appellant contends as its sole ground for reversal that the verdicts were against the weight of the evidence.
 

 The accident occurred at an intersection when the plaintiff-driver, Marando, attempted to make a right-hand turn into the street being traveled by the streetcar which approached the intersection from the plaintiffs’ left. The intersection had no traffic controls. The street on which the streetcar was proceeding had two tracks. Automobiles were parked along both sides of the street, leaving insufficient space for traffic to pass between the streetcar tracks and the parked automobiles. The street on which the automobile had been proceeding was narrow.
 

 Two of the plaintiffs, the driver and his passenger, Algeo, testified that the former stopped at the curb line prior to entering the intersection, stopped again while making the right-hand turn and prior to entering upon the streetcar tracks, and was also stopped when the streetcar struck the automobile. The plaintiffs also testified that the operator of the streetcar accelerated his speed as he approached the intersection and made no effort to stop. This testimony was corroborated by two disinterested eyewitnesses.
 

 The operator of the streetcar testified that as he reached the intersection he saw the automobile coming from his right, that he immediately tried to stop, and that the automobile struck the right side of the streetcar at the front doors on an angle.
 

 As a result of the collision the streetcar was derailed, the front set of wheels leaving the track to its left. The front of the streetcar crossed another set of tracks and struck a parked automobile.
 
 The
 
 automo
 
 *551
 
 bile driven by Marando, in the words of the operator of the streetcar, was “hanging right on the side of the streetcar” and “rode right along”.
 

 It is the contention of the appellant that “the movement of the two vehicles after the collision up until the time they came to a complete stop show unmistakably and incontrovertibly that the theory of the plaintiffs is absolutely untenable”.
 

 The appellant rests his contention upon the testimony of a physicist whom he called as an expert witness. The physicist, an Associate Head of the Department of Physics at Carnegie Tech, testified that the speed of the automobile at the moment of collision had to be at least twice that of the streetcar. He explained to the jury Newton’s Laws of Motion and pointed out that the momentum of the streetcar (weight multiplied by its velocity) and the momentum of the automobile determined the direction taken by the vehicle after the collision. Knowing the weight of the vehicles and the direction the vehicles took after the accident, he said he could determine the relative speed of the two vehicles. Using this method of calculation, he concluded that the automobile was traveling twice the speed of the streetcar. He further said that in the light of the direction taken by the vehicles after the collision it was “impossible” for the accident to have occurred in the manner described by the plaintiffs and their witnesses.
 

 “Impossible” results from vehicular collisions are well known to investigators of accidents. The reason seemingly impossible results occur is because nobody can determine accurately all of the factors which are operating at the moment of collision. Accidents do not happen with the simplicity used in a laboratory to demonstrate the rules of motion. In this case there are an unlimited number of unknown factors that may have contributed to the derailing of the streetcar and
 
 *552
 
 influenced its subsequent direction. For example, the real cause of derailment may have been a part of the automobile or streetcar, possibly no larger than a bolt, falling on the track. The cobblestones which the wheels struck upon leaving the track, the direction in which the streetcar was swinging at the instant at which it left the track, the grade of the street and any number of other unknown factors could have influenced the direction taken by the vehicles. Furthermore, when one vehicle strikes another at an angle, there is a tendency of the striking vehicle to follow the angle of the struck vehicle.
 

 Whether accurate or not, the testimony of the professor concerning the application of the laws of physics to the facts was opinion evidence which the jury could disregard.
 
 Ray v. Philadelphia,
 
 344 Pa. 439, 25 A. 2d 145 (1942);
 
 Gaita v. Pamula,
 
 385 Pa. 171, 174, 175, 122 A. 2d 63 (1956).
 

 Furthermore, the professor assumed that the automobile struck the streetcar. The weight of the evidence was to the contrary. An examination of the photographs picturing the damage to the automobile and the streetcar indicate that the front of the automobile was practically undamaged and that the blow was taken by it on the side. It is quite possible that after the collision the vehicle became hooked to the streetcar between the automobile’s front and back wheels and “rode right along” with the streetcar as the motorman testified.
 

 This case does not come within the rule of incontrovertible physical facts.
 
 Ropele v. Stewart,
 
 185 Pa. Superior Ct. 522, 528, 529, 137 A. 2d 895, 898 (1958);
 
 Jones v. Bell Telephone Co.,
 
 159 Pa. Superior Ct. 556, 559, 560, 49 A. 2d 272, 274 (1946);
 
 Commonwealth v. Waters,
 
 148 Pa. Superior Ct. 473, 475, 476, 25 A. 2d 756, 757 (1942);
 
 Manning v. Pittsburgh Rwys. Co.,
 
 350 Pa. 402, 408, 39 A.
 
 2d 578, 580
 
 (1944);
 
 Mull v.
 
 
 *553
 

 Bothwell,
 
 338 Pa. 233, 238, 12 A. 2d 561, 563 (1940). That rule is applicable only when the facts are positive, clear, indisputable and certain.
 
 Long v. Pa. Truck Lines, Inc.,
 
 335 Pa. 236, 240, 5 A. 2d 224, 225 (1939).
 

 Whether the accident happened in the precise manner contended by the plaintiffs does not control liability. The jury may determine from all the evidence what occurred and having thus reconstructed the accident may then determine whether the defendant was liable.
 

 As we view it, the value of the expert’s testimony to the jury was limited to a consideration by it of the recognized laws of physics, which probably were already known by the jury in a practical sense, if not in the technical sense. It was within the province of the jury, and not the witness, to apply the rules of physics as well as the rules of law to the evidence.
 

 This case was for the jury, and we believe that a verdict against the defendant is in accord with the weight of the evidence. The court below did not abuse its discretion in refusing the defendant’s motion for a new trial.
 

 Judgments affirmed.