Zevas, Appellant, *v.* Poniktera.

Submitted September 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert H. Holland, Robertson B. Taylor,* and *Kolb, Holland, Antonelli & Heffner,* for appellant.

*Jackson M. Sigmon,* and *Sigmon, Littner & Ross,* for appellee.

OPINION BY CERCONE, J., February 2, 1976:

On January 18, 1970 automobiles operated by plaintiff and defendant collided at the intersection of Easton Avenue and Stefko Boulevard in Bethlehem, Pennsylvania. Plaintiff, who was severely injured, filed a complaint in trespass against defendant alleging that defendant was negligent in the operation of his automobile. Trial began on October 7, 1974 and, after plaintiff presented her evidence, defendant made a motion for a compulsory nonsuit. On October 8, 1974, the trial court granted defendant's motion and entered a compulsory nonsuit against plaintiff. A motion for the removal of the compulsory nonsuit, filed by plaintiff, was dismissed by the court *en banc* and plaintiff now appeals to this court.

The evidence which plaintiff presented at trial was as follows. The accident occurred at six o'clock on the evening of January 18, 1970. It was a clear night and the roads were dry. Plaintiff had stopped at a gas station on

Easton Avenue. She left the station and turned onto Easton Avenue proceeding east toward the intersection of Easton Avenue and Stefko Boulevard. Easton Avenue consists of three eastbound lanes; one for right turns, one for left turns and a middle lane for thru traffic. Plaintiff was in the middle lane. For westbound traffic, Easton Avenue has two lanes; one for left hand turns and one for thru traffic. Plaintiff testified:

> "I was traveling toward the direction of Two Guys [a department store], entering the intersection, I was about to enter the intersection of Easton Avenue and Stefko Boulevard and I had the green light. I was in my lane of traffic, and the traffic lane was clear ahead of me. And, I was about to enter it, which is the last thing I remember until I woke up in the hospital."

Plaintiff further specified that prior to impact, the last thing she remembered was that she was four to six feet from the intersection. At that time she saw traffic proceeding in the westbound thru lane but she did not see defendant's car, or any car, in the left turn lane of the westbound lanes.

Police officers who investigated the accident testified that both plaintiff's and defendant's cars, along with debris from the accident, consisting of oil and glass, were located in the eastbound thru lane of Easton Avenue. This is the lane plaintiff was in as she approached the intersection. The officers further testified that the right front of defendant's car was damaged and that the front end of plaintiff's vehicle was "pretty well mashed up." One of the officers testified that his investigation revealed that defendant's vehicle had been traveling west on Easton Avenue prior to the accident and had attempted to make a left hand turn onto Stefko Boulevard. In light of the above evidence the trial court granted defendant's motion for a compulsory nonsuit. We cannot agree.

As our Supreme Court stated in *Smith v. Bell Telephone Co. of Pa.*, 397 Pa. 134, 138 (1959):

"We have said many times that the jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture, but that there must be evidence upon which logically its conclusion may be based. Clearly this does not mean that the jury may not draw inferences based upon all the evidence and the jurors' own knowledge and experiences, for that is, of course, the very heart of the jury's function. It means only that the evidence presented must be such that by reasoning from it, without resort to prejudice or guess, a jury can reach the conclusion sought by plaintiff, and not that that conclusion must be the only one which logically can be reached." [Citations omitted.]

The conclusion sought by plaintiff, in the instant case, is that defendant did attempt to make a left hand turn onto Stefko Boulevard. It is clear to this court that such conclusion can be logically reasoned from the evidence without resort to prejudice or guess. Having determined that it was reasonable to conclude that defendant attempted to make a left hand turn onto Stefko Boulevard it must follow that defendant violated Section 1013 (b) of The Vehicle Code which states:

"The driver of a vehicle, streetcar, or trackless trolley omnibus, intending to turn to the left within an intersection, shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard."[1]

The jury could have further reasonably determined that the violation of Section 1013 (b) was the proximate cause of the accident and, therefore, was negligence *per se* on the part of the defendant. See *Jinks v. Currie*, 324 Pa. 532, 537-538 (1936).

_____

1. Act of April 29, 1959, P.L. 58, § 1013, as amended by Act of August 27, 1963, P.L. 1231, § 1, 75 P.S. § 1013 (b).

Defendant attacks the above conclusion on several grounds. He argues that inferences drawn from the fact that the vehicle and debris were in the lane of travel of plaintiff are not reliable. In support of this argument defendant cites the case of *Algeo v. Pittsburgh Railways Company*, 202 Pa. Superior Ct. 548 (1964). While the *Algeo* case does say that there are unlimited numbers of unknown factors that may cause an accident, it goes on to state: "The jury may determine from all the evidence what occurred and having thus reconstructed the accident may then determine whether the defendant was liable." *Id.* at 553. If we were to take from the jury every case where there are unlimited numbers of unknown factors that may have caused an accident few cases would ever go to the jury. As was stated in *Smith v. Bell Telephone Co. of Pa.*, supra at p. 138, "It is not necessary, under Pennsylvania law, that every fact or circumstance point unerringly to liability; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability."

Defendant cites several cases which he contends support his position that the quantum of evidence which the plaintiff has introduced is insufficient to take the case to the jury. The strongest such case is *Engle v. Spino*, 425 Pa. 254, 255-256 (1967). In that case the court set forth the facts as follows:

"Plaintiff-wife was driving north on Route 117 intending to turn west on U.S. Route 322. Defendant was driving east on U.S. Route 322. Route 117 is a two-lane highway controlled by a stop sign. U.S. Route 322 is a two-lane through highway. At the time of the accident, it was raining slightly. Plaintiff's automobile came to rest in a field off the northeast portion of the intersection; defendant's automobile came to rest facing in a westwardly direction in the westbound lane of traffic east of the intersection. The body of the wife (plaintiff) was on the berm of the northeast por-

tion of the intersection; debris was scattered in the northeast quadrant of the intersection. When wife-plaintiff testified, she stated that she had no recollection of the accident. Defendant and his wife who was in his car did not testify and were not called on cross-examination." [Footnote omitted.]

From these facts the court concluded that the verdict of a jury would be mere conjecture or guess. We agree. However, in the instant case the quantum of evidence is sufficiently greater to take the basis of a verdict beyond conjecture or guess. Here plaintiff approached the intersection with the right of way, she had a green light rather than a stop sign. Here there was testimony of a police officer indicating that defendant was attempting to make a left hand turn onto Stefko Boulevard, thereby creating an inference of defendant's negligence under Section 1013 (b) of The Vehicle Code. Here plaintiff's and defendant's vehicles and debris from the accident were in plaintiff's lane of travel. Here the physical damage to the automobiles involved support plaintiff's theory. The fact that there exists cases similar in one respect to the instant case, i.e., loss of memory by the plaintiff, does not control the instant case. All of the evidence offered by plaintiff must be considered; and, after consideration of that evidence, we find it sufficient to take this case to the jury. See standard of care as to left turns generally: *Leasure v. Heller*, 436 Pa. 108, 113 (1969) ; *Reese v. Hughes*, 223 Pa. Superior Ct. 311, 316 (1973).

Accordingly the lower court order denying a new trial is reversed and the case is remanded for a new trial.